**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: VROOM, INC. SECURITIES LITIGATION | Civil Action No. 1:21-cv-2477 (PGG) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Attorneys for Defendants Vroom, Inc.,*
*Paul J. Hennessy, David K. Jones,*
*Robert J. Mylod, Jr., Scott A. Dahnke,*
*Michael J. Farello, Laura W. Lang,*
*Laura G. O'Shaughnessy, and Adam Valkin*

WILLKIE FARR & GALLAGHER LLP
Todd Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

*Attorneys for Defendants Goldman Sachs &*
*Co. LLC, BofA Securities, Inc., Allen &*
*Company LLC, and Wells Fargo*
*Securities, LLC*

December 20, 2021

Vroom,[1] Paul J. Hennessy, David K. Jones, Robert J. Mylod, Jr., Scott A. Dahnke, Michael J. Farello, Laura W. Lang, Laura G. O'Shaughnessy, Adam Valkin (the "Vroom Defendants"), along with Goldman Sachs & Co. LLC, BofA Securities, Inc., Allen & Company LLC, and Wells Fargo Securities, LLC (the "Underwriter Defendants," and together with the Vroom Defendants, "Defendants") respectfully request that the Court take judicial notice of Exhibits 2-16 to the Declaration of Jeff G. Hammel filed herewith,[2] pursuant to Federal Rule of Evidence 201 and/or under the incorporation by reference doctrine and other applicable law.

## DISCUSSION

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider "the complaint, any documents attached to the complaint or incorporated into it by reference, any documents that are 'integral' to the plaintiff's allegations, even if not explicitly incorporated by reference, and facts of which the Court may take judicial notice." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013). The Court may judicially notice any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Here, the Court may take judicial notice of, and/or consider the entirety of, the exhibits attached to the Declaration of Jeff G. Hammel. The following chart details the exhibits and the applicable reason(s) the Court may take judicial notice of each:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Defendants' Memorandum of Law In Support of Defendants' Motions To Dismiss The Consolidated Amended Complaint ("Mem.").

[2] All citations to "Exhibits" refer to the exhibits attached to the Declaration of Jeff G. Hammel, submitted herewith.

1

| Exhibit No. | Document | AC References | Reason(s) for Judicial Notice |
|---|---|---|---|
| 2 | June Prospectus | ¶¶ 3-4, 43, 61-69, 85, 112-19 | • Incorporated by AC<br>• SEC filing |
| 3 and 4 | Tr. of Interview with *TheStreet* | ¶¶ 70, 71, 120-22 | • Incorporated by AC<br>• Public record of challenged statement |
| 5 | Q2 2020 Earnings Tr. | ¶¶ 73, 124 | • Incorporated by AC<br>• SEC filing |
| 6 | Aug. 2020 Form 8-K | ¶ 123 | • Incorporated by AC<br>• SEC filing |
| 7 | Q2 2020 Form 10-Q | ¶ 125 | • Incorporated by AC<br>• SEC filing |
| 8 | Sept. 2020 Form 8-K | ¶¶ 79, 128 | • Incorporated by AC<br>• SEC filing |
| 9 | September Prospectus | ¶¶ 10-11, 14-15, 75-78, 85, 127, 190-201 | • Incorporated by AC<br>• SEC filing |
| 10 | Q3 2020 Earnings Tr. | ¶¶ 99, 132-33, 156 | • Incorporated by AC<br>• SEC filing |
| 11 | Q3 2020 Form 10-Q | ¶ 133 | • Incorporated by AC<br>• SEC filing |
| 12 | Q3 2020 Earnings Release | ¶¶ 98-99, 131-132, 155 | • Incorporated by AC<br>• Press Release |
| 13 | Q4 2020 Earnings Release | ¶¶ 101, 136, 160 | • Incorporated by AC<br>• Press Release |
| 14 | April 2021 Schedule 14-A | | • SEC filing |
| 15 | *Wall Street Journal* Article, dated July 3, 2020 | | • News article |
| 16 | *Wall Street Journal* Article, dated October 22, 2021 | | • News article |
| 17 | Vroom Stock Trading Data for Sept. 11, 2020 | | • Stock price historical data |

*First*, the Court may appropriately consider the entirety of Exhibits 2-13 because they are cited to and quoted numerous times in the AC, and are thus incorporated by reference. *See Carter v. JPMorgan Chasebank, N.A.*, 2018 WL 1083966, at *2 n. 4 (S.D.N.Y. Feb. 26, 2018) ("[A] complaint is also deemed to include . . . 'materials incorporated in it by reference.'").

Here, it is appropriate for the Court to consider the entirety of each document cited to in the AC because where, as here, Plaintiffs selectively references portions of underlying documents (*see* Mem. at 14 n.6), it is the complete underlying document that controls. *See, e.g., In re Nokia Corp. Sec. Litig.*, 1998 WL 150963, at *7, n.4 (S.D.N.Y. Apr. 1, 1998) (considering the "full contents" of a document referenced in the complaint, where the complaint omitted a "cautionary comment" that appeared in the document); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (holding that an underlying document cited in the complaint "controls" where it contradicted allegations that relied on such document).

The Court may take judicial notice of the audio and video of *TheStreet*'s interview with Mr. Hennessy contained on *TheStreet*'s public website,[3] which Defendants had transcribed for the Court's convenience (Exhibits 3 and 4), for the additional reason that they are publicly available recordings of a news interview containing certain of Mr. Hennessy's challenged statements, ¶¶ 70, 71, 120-22. *See Condit v. Dunne*, 317 F. Supp. 2d 344, 357 (S.D.N.Y. 2004) (considering on a motion to dismiss audio recordings and transcripts of television shows that "are the records of the allegedly slanderous statements made by defendant") (cited approvingly by *Goldman v. Barrett*, 2017 WL 4334011, *2, n.4 (S.D.N.Y. July 25, 2017) (Gardephe, J)); *Staehr v. Hartford Fin.*

---

[3] *See* "Vroom CEO on Going Public During a Recession and COVID-19," *TheStreet*, June 10, 2020, accessible here: https://www.thestreet.com/video/vroom-ceo-going-public-covid-19-recession; "Vroom CEO on the Used Car Market During COVID-19," *TheStreet*, June 11, 2020, accessible here: https://www.thestreet.com/video/vroom-ceo-on-used-car-market.

*Services Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (holding that district court did not abuse its discretion to take judicial notice of the fact of press coverage where "the materials . . . were offered to show that certain things were said in the press"); *Anderson News, L.L.C. v. American Media, Inc.*, 732 F. Supp. 2d 389, 399, n.10 (S.D.N.Y. 2010) (taking judicial notice of a transcript of a telephonic interview with an industry publication).

*Second*, the Court may take judicial notice of Exhibits 2 and 5-14 for the additional reason that they are "documents filed with the SEC," "transcripts of companies' earnings calls," or "press releases." *See Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *8-10 (S.D.N.Y. Aug. 1, 2017).

*Third*, the Court may take judicial notice of the *Wall Street Journal* news articles (Exhibits 15 and 16). *See Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming district court's judicial notice of news articles and acknowledging that "other courts in this Circuit have taken judicial notice of substantially similar documents," including "media reports"); *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *10-12 (S.D.N.Y. June 10, 2010) (on a motion to dismiss, taking judicial notice of a *Wall Street Journal* article).

*Fourth*, the Court may take judicial notice of stock price historical data maintained by Yahoo Finance (Exhibit 17). *See In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 512, n.12 (S.D.N.Y. 2009).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 2-14 to the Declaration of Jeff G. Hammel filed herewith.

Dated:    December 20, 2021        Respectfully submitted,
          New York, New York

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Jeff.Hammel@lw.com
Jason.Hegt@lw.com

*Attorneys for Defendants Vroom, Inc.,*
*Paul J. Hennessy, David K. Jones, Robert*
*J. Mylod, Jr., Scott A. Dahnke,*
*Michael J. Farello, Laura W. Lang, Laura*
*G. O'Shaughnessy, and Adam Valkin*

WILLKIE FARR & GALLAGHER LLP
Todd Cosenza
Charles Dean Cording
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
TCosenza@willkie.com
CCording@willkie.com

*Attorneys for Defendants Goldman Sachs*
*& Co. LLC, BofA Securities, Inc., Allen &*
*Company LLC, and Wells Fargo*
*Securities, LLC*

5