UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| IN RE: VROOM, INC. SECURITIES LITIGATION |

**ORDER**

21 Civ. 2477 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

This is a consolidated class action brought on behalf of purchasers of Defendant Vroom, Inc.'s common stock between June 9, 2020 and March 3, 2021 (the "Class Period"). The Consolidated Amended Complaint ("Amended Complaint") alleges that Vroom and certain of its senior officers and directors issued false and misleading statements during the Class Period regarding Vroom's "true financial prospects and operating condition, which was plagued by a lack of adequate sales and support staff resulting in degraded customer experiences, lost sales opportunities, and liquidation of inventory at fire sale prices."  (Am. Cmplt. (Dkt. No. 60) ¶ 2) The Amended Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; SEC Rule 10b-5; and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.  (Id. ¶¶ 177, 186, 208, 220, 226)

As part of its claims under both the Securities Exchange Act of 1934 and the Securities Act of 1933, the Amended Complaint alleges that Defendants violated Item 303 of SEC Regulation S-K, which requires issuers to "[d]escribe any known trends or uncertainties that have had or that are reasonably likely to have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations," 17 C.F.R. § 229.303(b)(2)(ii), and Item 105 of SEC Regulation S-K, which requires issuers to "provide under the caption 'Risk Factors' a discussion of the material factors that make an investment in the registrant or offering speculative or risky."  17 C.F.R. § 229.105(a).  (Am. Cmplt. (Dkt. No. 60) ¶¶ 170-76, 202-06)  In particular, the Amended Complaint alleges that

> Vroom's disastrous Customer Experience [function] . . . constituted a known risk
> or uncertainty under Item 303, and otherwise required disclosure under Item 105,
> because it had an increasingly negative material impact on Vroom's growth and
> financial results. Accordingly, even if Vroom's management could not reasonably
> estimate or quantify the manner in which Vroom's disastrous Customer
> Experience was impacting the Company's growth or financial results, disclosure
> was required.

(Id. ¶ 176; see also id. ¶ 206)

Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 20, 2021.  (Dkt. Nos. 92-93)  Lead Plaintiff filed an opposition brief on February 22, 2022 (Dkt. No. 97), and Defendants filed a reply brief on March 23, 2022.  (Dkt. No. 96)

The parties' briefing on the motion to dismiss does not address the Amended Complaint's allegations with respect to Items 303 and 105 of Regulation S-K. Accordingly, the parties will file letters by **April 29, 2024** addressing the adequacy of the Amended Complaint's allegations regarding Regulation S-K pursuant to Rule 12(b)(6).  The parties' letters will address each of the Amended Complaint's claims under the Securities Exchange Act of 1934, Rule 10b-5, and the Securities Act of 1933.  The parties will also address the Supreme Court's recent decision in Macquarie Infrastructure Corp. v. Moab Partners, L. P., No. 22-1165, 2024 WL 1588706 (U.S. Apr. 12, 2024).

Dated:  New York, New York
        April 22, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge