# EXHIBIT A

| Debtor | Vroom, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known):* _____  Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Vroom, Inc.** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | **Vroom Holdings, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **90-1112566** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **3600 West Sam Houston Pkwy S., Floor 4** | **4700 Mercantile Dr. Suite 100** |
| Number          Street | Number          Street |
| **Houston          TX     77042** | **Fort Worth          TX          76137** |
| City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris** | |
| County | Number          Street |
| | City          State     Zip Code |

5. **Debtor's website** (URL)     **https://www.vroom.com/**

6. **Type of debtor**
    ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
    ☐ Partnership (excluding LLP)
    ☐ Other. Specify: _____

Debtor      Vroom, Inc.                                                    Case number *(if known)*
            _____
            Name

**7.    Describe debtor's business**        A.   *Check One:*

                                            ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

                                            ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

                                            ☐ Railroad (as defined in 11 U.S.C. § 101(44))

                                            ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

                                            ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

                                            ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

                                            ☒ None of the above

                                            B.   *Check all that apply:*

                                            ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

                                            ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C.
                                                § 80a-3)

                                            ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

                                            C.   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
                                                http://www.uscourts.gov/four-digit-national-association-naics-codes .
                                                **5511 (Management of Companies and Enterprises)_____**

**8.    Under which chapter of the**        *Check One:*
**      Bankruptcy Code is the**            ☐ Chapter 7
**      debtor filing?**
                                            ☐ Chapter 9

A debtor who is a "small business           ☒ Chapter 11.  *Check all that apply:*
debtor" must check the first sub-
box. A debtor as defined in §                      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or
1182(1) who elects to proceed                          affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years
under subchapter V of chapter 11                       after that).
(whether or not the debtor is a
"small business debtor") must                      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a
check the second sub-box.                              small business debtor, attach the most recent balance sheet, statement of operations, cash-
                                                       flow statement, and federal income tax return or if all of these documents do not exist, follow
                                                       the procedure in 11 U.S.C. § 1116(1)(B).

                                                   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to
                                                       proceed under Subchapter V of Chapter 11.A plan is being filed with this petition.

                                                   ☒ Acceptances of the plan were solicited prepetition from one or more classes of
                                                       creditors, in accordance with 11 U.S.C. § 1126(b).

                                                   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities
                                                       and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.
                                                       File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under
                                                       Chapter 11*** (Official Form 201A) with this form.

                                                   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

                                            ☐ Chapter 12

**9.    Were prior bankruptcy cases**       ☒ No
**      filed by or against the debtor**    ☐ Yes        District _____  When _____  Case number _____
**      within the last 8 years?**                                                        MM/DD/YYYY

If more than 2 cases, attach a                            District _____  When _____  Case number _____
separate list.                                                                            MM/DD/YYYY

**10.   Are any bankruptcy cases**          ☒ No
**      pending or being filed by a**       ☐ Yes        Debtor _____              Relationship _____
**      business partner or an**
**      affiliate of the debtor?**                       District _____

List all cases.  If more than 1,                                                                   When:
attach a separate list.                                  Case number, if known _____                    MM / DD / YYYY

Official Form 201                           **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                      **page 2**

| Debtor | Vroom, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

      Number      Street

_____

      City      State      Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name _____

      Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

SimplyAgree Sign signature packet ID: e308e123-1ce0-441f-88f2-150487265f18

| Debtor | Vroom, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __11/13/2024__
                          MM/DD/YYYY

✘  /s/  _Thomas Shortt_          **Thomas Shortt**
        Signature of authorized representative of debtor          Printed name

Title     **Chief Executive Officer**

**18. Signature of attorney**

✘    __/s/ John F. Higgins__          Date     __11/13/2024__
        Signature of attorney for debtor          MM/DD/YYYY

**John F. Higgins**

**Porter Hedges LLP**
Firm name

**1000 Main St., 36th Floor**
Number          Street

**Houston**                    **TX**          **77002**
City                    State          ZIP Code

**(713) 226-6000**                    **jhiggins@porterhedges.com**
Contact phone                    Email address

**09597500**          **TX**
Bar number          State

SimplyAgree Sign signature packet ID: e308e123-1ce0-441f-88f2-150487265f18

| Official Form 201 | Voluntary Petition for Non-Individuals Filing for Bankruptcy | page 4 |
|---|---|---|

.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Vroom, Inc., | ) Case No. 24-_____(___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-39315</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>September 30, 2024</u>.

    a. Total assets[1]                                 $ <u>43,807,067</u>

    b. Total debts (including debts listed in 2.c., below)      $ <u>304,615,138</u>

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | |
|---|---|---|---|
| secured☐ unsecured☐ | subordinated ☐ | $ <u>See Schedule 1</u> | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |
| secured☐ unsecured☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock                      _____

    e. Number of shares common stock                    <u>1,808,243</u>

    Comments, if any: _____

_____

_____

3. Brief description of debtor's business: <u>Vroom, Inc. is the publicly-traded parent of United Auto Credit Corporation, a leading automotive finance company, and CarStory, an artificial intelligence-powered analytics and digital services platform for automotive retailers.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>L Catterton Management Limited entities, consisting of: CaCPG2 Cumulus LP, CGP2 Managers, L.L.C., Catterton Growth Partners II, L.P., Scott Arnold Dahnke, and James Michael Chu.</u>

---

[1] This figure is a carve out of the consolidated balance sheet for Vroom, Inc. (the filing entity) and select subsidiaries.

Official Form 201A (12/15)

# SCHEDULE 1

The following financial data is the latest available information and refers to the Debtor's financial condition on September 30, 2024:

| Type | Maturity | Principal Amount Outstanding | Secured/ Unsecured | Approximate Number of Holders (Estimated) |
|---|---|---|---|---|
| 0.750% Convertible Senior Notes due 2026<br><br>CUSIP: 92918VAB5 | July 1, 2026 | $290,488,001 | Unsecured | 10 |

Docusign Envelope ID: FB907549-EEF0-4152-929D-848149D50826

**UNANIMOUS WRITTEN CONSENT OF THE**
**BOARD OF DIRECTORS**
**OF**
**VROOM, INC.**
**NOVEMBER 12, 2024**

The undersigned, being all of the members of the board of directors (the "Board") of Vroom, Inc., a Delaware corporation (the "Company"), do hereby consent to the adoption of, and do hereby adopt by written consent, the following recitals and resolutions with the same force and effect as if they had been approved and adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

**RESTRUCTURING SUPPORT AGREEMENT**

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the Company's outside financial and legal advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has reviewed and evaluated the proposed restructuring transaction involving the Company that provides for, among other things, the execution of the Restructuring Support Agreement substantially in the form presented to the Board (including the exhibits and schedules thereto, the "Restructuring Support Agreement"); and

**WHEREAS**, under the totality of the circumstances, the Board has determined that it is desirable and in the best interests of the Company and its stakeholders generally that the Company enter into the Restructuring Support Agreement, on the terms and conditions set forth therein.

**NOW, THEREFORE, BE IT RESOLVED**, that under the totality of the circumstances, the Restructuring Support Agreement is in the best interests of the Company and the form, terms and provisions of the Restructuring Support Agreement in substantially the form presented to the Board, together with such further modifications or changes thereto as any of the Authorized Officers (as defined below) of the Company (or any equivalent authorized person) deems necessary or advisable, including the terms and conditions set forth therein and the transactions contemplated thereby, be, and hereby are, approved, adopted, authorized and ratified by the Board in all respects;

**FURTHER RESOLVED**, that the Board hereby approves, adopts, authorizes and ratifies in all respects the Restructuring Support Agreement;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to enter into the Restructuring Support Agreement and to enter into any agreements, documents, or instruments related thereto;

**FURTHER RESOLVED**, that the execution, delivery and performance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby, on the terms set forth in the Restructuring Support Agreement by the applicable parties, be, and hereby are, approved, adopted, authorized and ratified in all respects; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to execute and deliver and to cause the Company

to perform, as applicable, all the obligations and actions pursuant to and in furtherance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby.

### CHAPTER 11 CASE

**WHEREAS**, the Board previously determined it was advisable and in the best interests of the Company and its stakeholders to review, consider, and, if appropriate, recommend potential in-court or out-of-court strategic alternatives available to the Company, including (without limitation) seeking financing or refinancing or undertaking a restructuring, reorganization, recapitalization, business combination, sale of equity or assets or change of control of the Company, whether by sale, merger, consolidation, or otherwise (any such potential strategic alternative, a "Potential Strategic Transaction"); and

**WHEREAS**, the Board has approved and determined in its good faith opinion that it is desirable and in the best interests of the Company and its stakeholders that the Company: (i) seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), (ii) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer (as defined below), as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "Plan") and an associated disclosure statement (the "Disclosure Statement"); (iii) launch a prepetition process soliciting votes from unsecured noteholders to accept or reject the Plan (the "Prepackaged Plan Solicitation"); and (iv) launch a postpetition process soliciting votes from equity holders to accept or reject the Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, after consultation with management and the Company's financial and legal advisors, that it is desirable and in the best interests of the Company and its stakeholders, that the Company seek relief under the provisions of the Bankruptcy Code;

**FURTHER RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of the Company to commence a case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in such form and at such time as the Authorized Officer executing said petition shall determine;

**FURTHER RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that the Company, as a debtor and debtor in possession under the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, and, in each case, any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "Restructuring Transactions"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with

2

the Plan, Disclosure Statement, the Prepackaged Plan Solicitation, and the Restructuring Transactions;

**FURTHER RESOLVED**, that: (i) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, the Restructuring Transactions, and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby (the "Restructuring Documents") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession, to authorize counsel to draft, file, and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

### RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain (i) Porter Hedges LLP to act as bankruptcy counsel for the Company, (ii) Latham & Watkins LLP to act as corporate, finance, tax, and securities counsel for the Company, (iii) Stout Risius Ross, LLC, to act as financial advisor for the Company, (iv) Deloitte Touche Tohmatsu Limited to act as tax consultant for the Company, (v) The Overture Group, LLC to act as compensation consultant for the Company, and (vi) Verita Global (previously Kurtzman Carson Consultants, LLC) to act as noticing and solicitation agent for the Company, in each case, in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist the Company in carrying out its responsibilities in the Chapter 11 Case and achieving a successful reorganization; and

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the

foregoing resolutions.

<u>**GENERAL AUTHORITY AND RATIFICATION OF CONSISTENT ACTIONS**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Case or any proceedings or matters related thereto (including, without limitation, the transactions contemplated by the Restructuring Support Agreement and Plan), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone, is authorized and directed on behalf of the Company to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the Company or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Company under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board; and

**FURTHER RESOLVED**, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**FURTHER RESOLVED**, that this consent may be executed in one or more counterparts, including via facsimile, portable document format (pdf) or other electronic transmission, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same written consent.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board, have executed this written consent as of the date first written above.

DocuSigned by:

_____
Robert J. Mylod, Jr.

DocuSigned by:

Robert R. Krakowiak
_____
Robert R. Krakowiak

DocuSigned by:

_____
Timothy M. Crow

DocuSigned by:

Michael J. Farello
_____
Michael J. Farello

Signed by:

Laura W. Lang
_____
Laura W. Lang

Signed by:

Laura G. O'Shaughnessy
_____
Laura G. O'Shaughnessy

Signed by:

Paula B. Pretlow
_____
Paula B. Pretlow

Signed by:

Thomas H. Shortt
_____
Thomas H. Shortt

**Fill in this information to identify the case:**

Debtor name: VROOM, INC.,

United States Bankruptcy Court for the Southern District of Texas

Case number (If known):

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US BANK NATIONAL ASSOCIATION CORPORATE TRUST ATTENTION: ADMINISTRATOR – VROOM, INC. 100 WALL STREET, SUITE 600 NEW YORK, NY 10005 | CORPORATE TRUST PHONE: 412-297-0317 EMAIL: BARBARA.NASTRO@USBANK.COM; HAZRAT.HANIFF@USBANK.COM; SHANNON.MATTHEWS@USBANK.COM | UNSECURED NOTES | | | | $ 290,488,001.00 |
| 2 | ANTHEM ATTN: BRIAN CROCE ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY 220 VIRGINIA AVE. INDIANAPOLIS, IN 46204 | ATTN: BRIAN CROCE PHONE: 619-314-0195 EMAIL: BRIAN.CROCE@ANTHEM.COM; ALIN.AVANESSIAN@ANTHEM.COM; MARIA.DOVALE@ANTHEM.COM | INSURANCE PREMIUMS AND FEES | | | | $ 2,000,000.00 |
| 3 | TEXAS OFFICE OF THE ATTORNEY GENERAL CONSUMER PROTECTION DIVISION P.O. BOX 12548 AUSTIN, TX 78711 | CONSUMER PROTECTION DIVISION PHONE: 512-463-2100 FAX: 512-475-2994 EMAIL: JAMES.HOLIAN@OAG.TEXAS.GOV, ROBERT.ROBINSON@OAG.TEXAS.GOV | COURT ORDER - SETTLEMENT PAYMENT | | | | $ 1,500,000.00 |
| 4 | MACE MACRO ATTN: DAVID CRAIG 1350 BROADWAY, SUITE 408 NEW YORK, NY 10018 | ATTN: DAVID CRAIG PHONE: 470-240-7320 EMAIL: DAVID.CRAIG@MACEGROUP.COM | SALES AND USE TAXES ALLEGEDLY OWED OVER 4 YEARS | | | | $ 292,351.00 |
| 5 | THOMSON REUTERS ATTN: SOHIL SHETH WEST PUBLISHING CORPORATION 610 OPPERMAN DRIVE EAGAN, MN 55123 | ATTN: SOHIL SHETH EMAIL: SOHIL.SHETH@THOMSONREUTERS.COM | SUBSCRIPTION FEES | | | | $ 14,000.00 |
| 6 | HEALTH ADVOCATE SOLUTIONS ATTN: JOHN WOLFRUM, EXECUTIVE VICE PRESIDENT, SALES 3043 WALTON ROAD PLYMOUTH MEETING, PA 19462 | ATTN: JOHN WOLFRUM, EXECUTIVE VICE PRESIDENT, SALES PHONE: 610-397-7398 EMAIL: JWOLFRUM@HEALTHADVOCATE.COM | FEES FOR PROFESSIONAL SERVICES | | | | $ 10,000.00 |
| 7 | WORKDAY, INC. ATTN: LAURA BOYETT 6110 STONERIDGE MALL ROAD PLEASANTON, CA 94588 | ATTN: LAURA BOYETT PHONE: 512-970-5132 EMAIL: LAURA.BOYETT@WORKDAY.COM | SUBSCRIPTION FEES | | | | $ 10,000.00 |
| 8 | SOLIUM/SHAREWORKS ATTN: WES MILLER SOLIUM CAPITAL LLC 58 S. RIVER DRIVE, SUITE 401 TEMPE, AZ 85281 | ATTN: WES MILLER PHONE: 610-397-7398 EMAIL: ATWORKRM@MORGANSTANLEY.COM | SUBSCRIPTION FEES | | | | $ 8,000.00 |
| 9 | UNUM ATTN: MEGAN MANGERINO UNUM LIFE INSURANCE COMPANY OF AMERICA PO BOX 406946 ATLANTA, GA 30384 | ATTN: MEGAN MANGERINO PHONE: 858-935-5730 EMAIL: MMANGERINO@UNUM.COM | INSURANCE PREMIUMS AND FEES | | | | $ 5,000.00 |
| 10 | ARIF HUDDA C/O BRIAN E. FARNAN FARNAN LLP 919 NORTH MARKET STREET 12TH FLOOR WILMINGTON, DE 19801 | C/O BRIAN E. FARNAN PHONE: 302-777-0300 FAX: 302-777-0301 EMAIL: BFARNAN@FARNANLAW.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 11 | ATOBRHAN GODLU C/O THOMAS MCKENNA GAINEY MCKENNA & EGLESTON 501 5TH AVENUE 19TH FLOOR NEW YORK, NY 10017 | C/O THOMAS MCKENNA PHONE: 212-983-1300 FAX: 212-983-0383 EMAIL: TJMCKENNA@GME-LAW.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 CHRISTOPHER-TAYLOR KUBRICK-SOTELO C/O JARRETT FABER KNEUPPER & COVEY 11720 AMBER PARK DRIVE SUITE 160, PMG 1271 ALPHARETTA, GA 30009 | C/O JARRETT FABER PHONE: 657-845-3100 EMAIL: JARETT@KNEUPPERCOVEY.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 13 JULIE RAINEY, BRADY MCDONOUGH AND VLADIMIR YUNAYEV C/O GREGORY M. NESPOLE LEVI & KORSINSKY, LLP 55 BROADWAY 10TH FLOOR NEW YORK, NY 10006 | C/O GREGORY M. NESPOLE PHONE: 212-363-7500 EMAIL: GNESPOLE@ZLK.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 14 KAELIN DAYE C/O CHRIS MCDANIEL HORTMAN, HARLOW, BASSI, ROBINSON & MCDANIEL PLLC P.O. BOX 1409 LAUREL, MS 39441 | C/O CHRIS MCDANIEL PHONE: 601-649-8611 FAX: 601-649-6062 EMAIL: CMCDANIEL@HORTMANHARLOW.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 15 LIZBETH & TOSHI COLE C/O JASON SCOTT FELTOON FELTOON LAW, PLLC 2520 S IH-35, SUITE 200 AUSTIN, TX 78704 | C/O JASON SCOTT FELTOON PHONE: 737-281-9100 EMAIL: LIZ@FELTOON.LAW | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 16 RHONDDA CYNON TAF PENSION FUND C/O MICHAEL TOOMEY BARRACK RODOS & BACINE 640 8TH AVENUE 10TH FLOOR NEW YORK, NY 10036 | C/O MICHAEL TOOMEY PHONE: 212-688-0782 EMAIL: MTOOMEY@BARRACK.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 17 RICK & CARMEN DANGERFIELD C/O SHAWN WILSON SHAWN WILSON, ESQ. 101 S. JEFFERSON AVENUE COOKEVILLE, TN 38501 | C/O SHAWN WILSON PHONE: 931-545-4021 EMAIL: SHAWN@SHAWNWILSONLAW.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 18 SEAN & ERICA HAYGOOD ADDRESS ON FILE | EMAIL: EMAIL ADDRESS ON FILE | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 19 SEAN MALLET C/O ADAM J. ROSENFELD SCHECTER, SHAFFER & HARRIS, L.L.P. 3200 TRAVIS, 3RD FLOOR HOUSTON, TX 77006 | C/O ADAM J. ROSENFELD PHONE: 713-893-0971 EMAIL: AJROSENFELD@SMSLEGAL.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 20 SIDEKICK TECHNOLOGY, LLC C/O BENJAMIN WEED, LOLY TOR K & L GATES 70 W. MADISON STREET SUITE 3100 CHICAGO, IL 60602 | C/O BENJAMIN WEED, LOLY TOR PHONE: 312-372-1121 EMAIL: BENJAMIN.WEED@KLGATES.COM; LOLY.TOR@KLGATES.COM | LITIGATION CLAIM | UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Vroom, Inc., | ) | Case No. 24-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

Vroom, Inc. respectfully represents:

1. Vroom, Inc. is a publicly traded corporation.

2. No corporation owns 10% or more of any class of Vroom, Inc.'s equity interests.

Fill in this information to identify the case and this filing:

Debtor Name  Vroom, Inc.

United States Bankruptcy Court for the:          Southern District of Texas

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration **Corporate Ownership Statement and Form201A**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**November 13, 2024**          ☒ /s/   *Thomas Shortt*
MM/DD/YYYY                               Signature of individual signing on behalf of debtor
                                        **Thomas Shortt**
                                        Printed name
                                        **Chief Executive Officer**
                                        Position or relationship to debtor